UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND LAUTH,

          Plaintiff

v.

ANDREW W. SAUL,
COMMISSIONER OF
SOCIAL SECURITY,[1]

          Defendant.

_____/

Civil Action No.: 18-13912
Honorable Matthew F. Leitman
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION ON CROSS-
MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 12, 16]**

Plaintiff Raymond Lauth appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied his application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court **RECOMMENDS** that:

- Lauth's motion [ECF No. 12] be **DENIED**;

- the Commissioner's motion [ECF No. 16] be **GRANTED**; and

---

[1] Under Federal Rule of Civil Procedure 25(d), Saul is the successor defendant.

- the ALJ's decision be **AFFIRMED**.

I.    **BACKGROUND**

    A.    **Lauth's Background and Disability Applications**

Lauth alleges that he was disabled from July 1, 2011 to July 9, 2012, and then from July 26, 2013 onward. [ECF No. 10-8, PageID.338, 340; ECF No. 12, PageID.1141]. Born March 29, 1951, Lauth was 60 years old on the alleged disability onset date of July 1, 2011, and 62 on the alleged onset date of July 26, 2013. [ECF No. 10-8, PageID.340]. He has past relevant work as a sales representative in catering and publishing. [*Id.*]. Lauth claimed disability because of cardiac ailments, hypertension, emphysema, vertigo, detached retina, and prostate cancer. [ECF No. 10-12, PageID.560].

An administrative law judge (ALJ) issued an unfavorable decision in November 2012, and the Appeals Council (AC) denied review. [ECF No. 10-9, PageID.397-404, 408-410]. After Lauth appealed to this court, the parties stipulated to a remand to the Commissioner for further consideration. [*Id.*, PageID.414]. The AC then remanded the matter to the ALJ with more instructions. [*Id.*, PageID.421-423].

After a January 2016 hearing, during which Lauth and a vocational expert (VE) testified, ALJ Jeanne M. VanderHeide found that Lauth was not

disabled. [ECF No. 10-8, PageID.338-349, 358-392]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [ECF No. 10-8, PageID.322-325]. Lauth timely filed for judicial review. [ECF No. 1].

### B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. §404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled.

---

[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

3

*Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ VanderHeide concluded that Lauth was not disabled. At the first step, she found that Lauth did not engage in substantial gainful activity during his periods of alleged disability—July 1, 2011 to July 9, 2012, and after July 26, 2013. [ECF No. 10-8, PageID.340]. Lauth worked full-time as a caterer from July 9, 2012 to July 26, 2013. [*Id.*, PageID.341]. At the second step, ALJ VanderHeide found that Lauth had the severe impairments of "history of coronary artery disease, status post placement of pacemaker; chronic obstructive pulmonary disease (COPD)/emphysema; and vertigo." [*Id.*, PageID.341]. Next, the ALJ concluded that none of his impairments, either alone or in combination, met

4

or medically equaled the severity of a listed impairment. [*Id.*, PageID.341-343].

Between the third and fourth steps, the ALJ found that Lauth had the RFC to perform sedentary work,

> except that he can lift and carry 10-15 pounds occasionally. In an eight hour day, with normal breaks, claimant can sit for a total of about four hours and he can stand and walk for a total of about four hours. Claimant cannot climb ladders, ropes and scaffolds. Claimant can occasionally perform each of the following postural activities: climbing ramps/stairs; stooping; crouching; kneeling; and crawling. Claimant must avoid even moderate exposure to extreme cold, chemicals and environmental irritants such as fumes, odors, dusts and gases. Claimant must avoid all exposure to use of hazardous machinery and unprotected heights.

[*Id.*, PageID.343]. At step four, the ALJ found that Lauth could not perform his past relevant work as a caterer on a full-time basis. [*Id.*, PageID.347]. At the final step, after considering Lauth's age, education, work experience, RFC and the testimony of the VE, the ALJ found that Lauth could perform jobs that existed in the national economy, including in telephone sales and as a customer service representative. [*Id.*, PageID.348]. She thus found Lauth not disabled. [*Id.*].

II. ANALYSIS

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was

made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Lauth alleges that ALJ VanderHeide violated the remand orders because she did not seek clarification, explanation or other information from Thomas G. Constantino, DO. The Court disagrees and recommends that the ALJ's decision be affirmed.

### A.

The stipulation and order to remand to the Commissioner and the AC's remand order included several instructions. [ECF No. 10-9, PageID.414, 421-423]. Lauth claims error about a narrow area of further inquiry identified in those orders—those related to the testing and opinion of Dr. Constantino.

6

The stipulation and order instructs the Commissioner to, "if necessary, further evaluate the treating source opinion of Thomas Constantino, D.O., and in so doing, re-contact Dr. Constantino for clarification as needed." [ECF No. 10-9, PageID.414].

The AC's remand order described the finding of the earlier ALJ, Roy L. Roulhac, that pulmonary function testing performed by Dr. Constantino was problematic "because it does not document the claimant's effort during testing, whether a bronchodilator was used, and, if so, which results were obtained with and without the use of a bronchodilator, and whether [Lauth] previously underwent other pulmonary testing." [*Id.*, PageID.422]. The AC noted that Dr. Constantino, the "treating physician," wrote in a September 2012 report that Lauth had "been having increasing difficulty with chest pain or shortness of breath" that was aggravated by stress. [*Id.*, referring to ECF No. 10-7, PageID.310]. Although ALJ Roulhac had described Dr. Constantino's testing as problematic, he did not try to obtain the missing information directly from Dr. Constantino or through Lauth. [ECF No. 10-9, PageID.422].

The AC thus ordered that, on remand, the ALJ obtain additional evidence about Lauth's impairments, including, "if warranted and available,

7

a consultative examination and medical source statements about what the claimant can still do despite the impairments." [ECF No. 10-9, PageID.422]. The ALJ was also ordered to further consider the "treating source opinion" and to "explain the weight given to such opinion evidence." [*Id.*]. "As appropriate, the [ALJ] may request the treating sources to provide additional evidence and/or further clarification of the opinions and medical source statements about what the claimant can do despite the impairment." [*Id.*].

Lauth argues that ALJ VanderHeide "gave no new consideration with regard to the opinions, testing or treatment of Dr. Constantin[o]." [ECF No. 12, PageID.1149]. According to Lauth, the ALJ had a duty to either contact Dr. Constantino or have him consulted so that he could clarify his opinions, treatment and testing. This duty, Lauth argues, stems from the remand orders and from law requiring ALJ's to contact treating sources for clarification of unclear opinions. [*Id.*, PageID.1149-1151].

The Court disagrees because the neither the remand orders nor the law required ALJ VanderHeide to contact or consult with Dr. Constantino, and because ALJ VanderHeide's reasoning for giving limited weight to Dr. Constantino's opinion is supported by substantial evidence.

8

**B.**

A remand order for the AC requires an ALJ to "take any action that is ordered by the Appeals Council," and permits an ALJ to "take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b). An ALJ's failure to follow a remand order can be reversible error in federal court even when the AC affirms the ALJ's decision after remand. *Wilson v. Comm'r of Soc. Sec.*, ___ F. App'x ___, 2019 WL 3564171, at *5 (6th Cir. Aug. 6, 2019).

But if a remand order gives the ALJ *discretion* to seek certain evidence on remand, the ALJ violates no duty when exercising that discretion and declining to seek more evidence. *See Watkins v. Berryhill*, No. CV 17-119-HRW, 2018 WL 1952522, at *3 (E.D. Ky. Apr. 25, 2018) (ALJ did not violate remand order stating that ALJ should obtain certain evidence "if necessary" or "if warranted."); *Mosed v. Comm'r of Soc. Sec.*, No. 15-cv-14357, 2016 WL 1084679, at *4 (E.D. Mich. Mar. 21, 2016) (no error when ALJ directed to obtain medical expert "if necessary").

Here, the stipulation and order to remand permitted the ALJ to, "if necessary," further evaluate Dr. Constantino's opinion and recontact Dr. Constantino "if needed." [ECF No. 10-9, PageID.414]. In the AC remand order, the ALJ was instructed to seek a consultative examination and

9

medical source statement about Lauth's RFC "if warranted." [*Id.*, PageID.422]. "As appropriate," the ALJ could request that Dr. Constantino provide more evidence or clarification of his opinion. [*Id.*].

These remand orders comport with the general rule that "[t]he ALJ has discretion to determine whether additional evidence is necessary." *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 275 (6th Cir. 2010). They are also consistent with regulations that became effective in March 2012 making the decision to recontact a medical source a matter within the discretion of the ALJ. 20 C.F.R. § 404.1520(b); *Hollis v. Comm'r of Soc. Sec.*, No. 13–13054, 2015 WL 357133, at *23 (E.D. Mich. Jan. 27, 2015). "[I]f the record contains sufficient evidence, recontacting sources is unnecessary." *Hollis*, 2015 WL 357133, at *24. And "ALJs are not *required* to order consultative examinations, but merely have the discretion to do so if necessary." *McClellan v. Comm'r of Soc. Sec.*, No. CV 16-12676, 2017 WL 5054275, at *3 (E.D. Mich. Sept. 29, 2017) (emphasis in original).

For these reasons, the Court rejects Lauth's argument that ALJ VanderHeide had a duty to contact or obtain clarification from Dr. Constantino.

10

## C.

Lauth asserted in conclusory form that "the underlying unfavorable decision was not supported by substantial evidence." [ECF No. 12, PageID.1134]. But he otherwise makes no argument that ALJ VanderHeide's decision or reasoning for giving limited weight to Dr. Constantino's opinion were not supported by substantial evidence. Lauth has thus waived the issue of whether the ALJ's decision was supported by substantial evidence. *See McPhereson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (internal quotation marks and citation omitted). Even so, the Court will address ALJ VanderHeide's reasoning for giving Dr. Constantino's opinion limited weight without seeking clarification or more information from him.

In September 2012, Dr. Constantino wrote a letter responding to a February 2012 inquiry from Lauth's attorney.[3] [ECF No. 10-7, PageID.310]. Dr. Constantino wrote that he had seen Lauth on November 2, 2011 and that Lauth had diagnoses of hypertension, COPD, coronary artery disease and chronic obstructive pulmonary disease. [*Id.*]. Lauth's prognosis was

---

[3]Dr. Constantino's letter does not say that it was directed to Lauth's attorney, but his treatment note for March 6, 2012 states that $100 was requested for a "letter to attorney." [ECF No. 10-7, PageID.307].

11

guarded, and "[p]ulmonary function testing performed on November 3, 2011 demonstrated a significant worsening in the COPD." [*Id.*]. Dr. Constantino concluded, "This gentleman has been having increasing difficulties with chest pain and shortness of breath. The chest pains are certainly aggravated by any stress and I can appreciate difficulty with minimal exertion and even in conversation." [*Id.*].

In her decision, ALJ VanderHeide noted the lack of evidence that Dr. Constantino saw Lauth before or after his November 2011 examination. [ECF No. 10-9, PageID.342]. She is right; the treatment record Lauth provided from Dr. Constantino reflects only the November 2011 examination. [ECF No. 10-7, PageID.307]. The Sixth Circuit has considered three or fewer examinations to be insufficient to establish treating physician status. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 540 (6th Cir. 2007) (opinion of doctor who treated three times was not entitled to controlling weight); *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 506, n.10 (6th Cir. 2006) ("Indeed, depending on the circumstances and the nature of the alleged condition, two or three visits often will not suffice for an ongoing treatment relationship."). The "treating physician rule" generally requires an ALJ to give controlling weight to a treating physician's opinion.

*Gentry*, 741 F.3d at 723, 727-29. But Dr. Constantino was not a treating physician whose opinion was entitled to controlling weight.

ALJ VanderHeide also relied on the opinion of an August 2011 cardiologist, Frederic Sulak, M.D., who said that Lauth had "excellent functional capacity overall and is not disabled." [ECF No. 10-8, PageID.342, citing ECF No. 10-7, PageID.268]. And she noted that it was "undisputed that [Lauth] was able to and did return to full time work in July 2012." [ECF No. 10-8, PageID.342]. In his brief, Lauth confirms that he does not claim that he was disabled from July 2012 to July 26, 2013. [ECF No. 12, PageID.1141]. Lauth's return to full-time work after the November 2011 pulmonary function testing supports the ALJ's decision to give limited weight to Dr. Constantino's opinion about the difficulty Lauth would have with even minimal exertion.

The December 2014 opinion of consultative examiner Sheila Parrish, D.O., is more support. Dr. Parrish found that Lauth's emphysema was controlled with inhalers and that the pulmonary function testing that she performed "showed no abnormality." [ECF No. 10-8, PageID.342, citing ECF No. 10-15, PageID.982-983].

For these reasons, substantial evidence supports ALJ VanderHeide's decision to give Dr. Constantino's opinion limited weight without seeking

13

clarification. And Lauth bears to burden of ensuring that the record is complete. "The burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986). Here, ALJ VanderHeide noted that "[e]very opportunity has been provided to [Lauth] and his counsel to submit" information substantiating Dr. Constantino's opinion, and that "[n]one has been provided." [ECF No. 10-8, PageID.342].

The ALJ's decision should be affirmed.

### III.  CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Lauth's motion [ECF No. 12] be **DENIED**; that the Commissioner's motion [ECF No. 16] be **GRANTED**; and that the ALJ's decision be **AFFIRMED.**

Dated: October 31, 2019

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

### **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

14

P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.